69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul KOMYATTI, Petitioner-Appellant,
v.
Herbert NEWKIRK, and Indiana Attorney General, Respondents-Appellees.
 No. 95-2525.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.[1]
Decided Oct. 24, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Paul Komyatti, an inmate in the Maximum Control Complex (MCC) in Westville, Indiana, filed a petition for writ of habeas corpus, 28 U.S.C. Sec. 2254, on the basis that without a prior hearing he was transferred to the MCC, a maximum security prison which Komyatti asserts is the equivalent of segregation, because he was a "legal adviser" for other inmates.
 
 
 2
 Komyatti's attempt to characterize this as "not a transfer to a different prison, but rather ... placement in segregation," fails. As we recently held in Whitford v. Boglino, No. 93-2660 (7th Cir. Aug. 4, 1995), 1995 WL 459230 at * 4, an inmate's "transfer to a maximum security institution [does] not implicate his federal due process rights." Komyatti need not have been charged with or convicted of a disciplinary violation before being transferred to a more restrictive institution. Meachum v. Fano, 427 U.S. 215, 226-27 (1976). See also Sandin v. Connor, 63 U.S.L.W. 4601 (U.S. June 19, 1995), 1995 WL at * 7 (Court notes that even punishing an inmate by placing him in segregation will not always trigger due process protections). Komyatti could initially have been placed in the MCC, and thus his transfer to that institution "does not fall outside the expected scope of the sentence." Whitford, 1995 WL 459230 at * 4. See also Ramirez v. Turner, 991 F.2d 351, 353 (7th Cir.1993) (due process clause does not require hearing in connection with transfer to more restrictive prison, even if the transfer is the result of the inmate's misbehavior, or is labeled a disciplinary transfer), quoting Miller v. Henman, 804 F.2d 421, 423 (7th Cir.1986).
 
 
 3
 The judgment of the district court denying the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the parties' briefs and the record